IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CENTRAL LABORERS' PENSION, WELFARE AND ANNUITY FUNDS, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case Number: 10-787-MJR |
| CUSTOM COATINGS, INC., and R. BRADFORD HAGEMEYER, | ) ) ) ) | |
| Defendants. | ) | |

O R D E R

REAGAN, District Judge:

On January 10, 2011, Central Laborers' Pension, Welfare and Annuity Funds filed suit filed suit against Defendants Custom Coatings, Inc., and R. Bradford Hagemeyer for delinquent contributions to the Plaintiffs' various pension, welfare and annuity funds. On August 2, 2011, default judgment was entered against Custom Coatings, Inc., and R. Bradford Hagemeyer, individually, for a total amount of $15,244.77, plus the costs of execution of the judgment. Post-judgment collection efforts have been ongoing since that time. Most recently, a writ of body attachment was issued relative to R. Bradford Hagemeyer. The warrant for Hagemeyer remains outstanding.

On May 11, 2012, R. Bradford Hagemeyer, by and through counsel, entered a limited appearance for the purpose of filing a Suggestion of Bankruptcy. Hegemeyer indicates that he intends to include Central Laborers' Pension, Welfare and Annuity Funds as an unsecured creditor(s) in his Chapter 7 schedules. Hagemeyer suggests that this cause of action be dismissed

due to the automatic stay by operation of 11 U.S.C. § 362, and the entry of a Discharge Order in his bankruptcy case. The bankruptcy case is designated Case No. 11-48365, in the United States Bankruptcy Court for the Eastern District of Missouri.

Under 11 U.S.C. § 362(a), the filing of a bankruptcy petition triggers an *automatic* stay of the commencement or continuation of any judicial proceeding against a debtor. In addition, the November 8, 2011, Discharge Order prohibits any attempt to collect from the debtor, the discharged debt. However, a creditor may have the right to enforce a valid lien, in that lien is not avoided or eliminated in the bankruptcy case.

In light of the automatic stay provision, this Court need not await Plaintiff's response or delve into how the judgment in this action is likely to fare in the bankruptcy action. The Court **DECLARES** that this case, in terms of the collection efforts as to judgment debtor R. Bradford Hagemeyer, is **STAYED**. The stay shall remain in effect until this Court enters an Order lifting the stay. Plaintiff may still file a response to the Suggestion of Bankruptcy and addressing the interplay between Defendants Custom Coatings, Inc., and Defendant R. Bradford Hagemeyer. The Court further **DIRECTS** Central Laborers Pension Welfare & Annuity Funds to file a status report on or by the following dates, advising the Court of the status of the bankruptcy proceeding and whether the stay can be lifted: **September 15, 2012, January 15, 2013 and May 15, 2013**.

Although Plaintiff's post-judgment collection efforts are stayed, there is no basis for this Court to stay Judge Williams' show cause proceedings, or to quash the writ of body attachment. Failing to comply with a court order is an act of contempt unaffected by the bankruptcy action. If Hagemeyer fails to show cause for disobeying Judge Williams' prior

2

orders, Hagemeyer may be facing criminal contempt, which is exempt from the automatic stay provision.1  See 11 U.S.C. § 362(b)(1).   In any event, the show cause issue is the prerogative of Judge Williams.

**IT IS SO ORDERED.**

**DATE:   May 15, 2012**

<u>s/Michael J. Reagan</u>
**MICHAEL J. REAGAN**
**United States District Judge**

---

1 Civil contempt is used to compensate and/or coerce.    Federal Trade Commission v. Trudeau, 579 F.3d 754, 769 (7th Cir. 2009). Criminal contempt is characterized by imposition of an unconditional sentence for punishment or deterence. Shillitani v. United States, 384 U.S. 364, 370 n.5 (1966).   However, the characterization can transition from civil to criminal, or the justification can evaporate, as events occur. Id. at 371.